PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2002 Pontiac Grand Am GT struck a hole while claimant Rose Amia Johnson was driving on Walker Road in Wood County. Walker Road is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:00 p.m. on April 2,2008. At the time of the incident, Ms. Johnson testified that she was driving home from work when her vehicle struck a hole in the road. Ms. Johnson stated that there were a series of holes in this area. Since claimant lives on this road, she travels it on a daily basis. Although Ms. Johnson was aware of the holes for approximately one or two months prior to this incident, she did not report the holes to respondent because her husband works as a mechanic for Respondent. She stated that the Crew Supervisor for Wood County also lives on Walker Road. She, therefore, assumed the Respondent had knowledge of the defective road-way. As a result of this incident, claimants’ vehicle sustained damage to its tire and rim in the amount of $258.44. Claimants’ insurance deductible at the time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Walker Road. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had actual notice of the hole which claimants’ vehicle struck and that it presented a hazard to the traveling public. Since there were a series of holes at this location, the Court finds respondent negligent. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the driver was negligent since she could have taken precautions to avoid the hole at this location. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the driver’s negligence equals ten- *65 percent (10%) of their loss. Since the negligence of the driver is not greater than or equal to the negligence of the respondent, claimants may recover ninety-percent (90%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimants in the amount of $232.60.
Award of $232.60.